1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY PATU,

                                    Plaintiff,

        v.

SGT. BENNETT,

                                    Defendant.

No. C15-1036 RSM-BAT

**REPORT AND RECOMMENDATION**

        Plaintiff Ricky Patu  filed an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint.  Dkt. 1.  Mr. Patu alleges that Sgt. Bennett violated his Eighth Amendment rights when he infracted Mr. Patu for "passing" coffee but failed to infract the other inmate to whom he "passed" the coffee.  Dkt. 1-1.  Mr. Patu previously filed the same lawsuit in *Patu v. Bennett,* Case No. 15-775 JCC.  In that case, the undersigned has recommended that Mr. Patu's claims against Sgt. Bennett be dismissed for failure to state a claim and that the dismissal count as a strike under 28 U.S.C. § 1915(g).  *See* Dkt. 15 in Case No. 15-755 JCC.

        In this case, the Court directed Mr. Patu to show cause why his IFP application should not be denied because he has previously brought at least three cases that have been dismissed as frivolous or for failure to state a claim.  Dkt. 5.  Mr. Patu has failed to respond to the Court's Order.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  A review of the Court's records reflects that at least three of the cases Mr. Patu filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Patu v. Albert,* Case No. 14-765 MJP, Mr. Patu's case was dismissed on September 2, 2014 for failure to state a claim pursuant to §1915(e)(2)(B).  *See* Dkt. 14 in Case No. 14-765 MJP.

In *Patu v. Lee, et al.,* Case No. 15-5332 RJB, Mr. Patu's case was dismissed with prejudice for failure to state a claim and the dismissal counted as a strike under Section 1915(g). *See* Dkts. 14 and 17 in Case No. 15-5332 RJB.

In *Patu v. Albert,* Case No. 15-722 RSM, Mr. Patu's case was dismissed for failure to state a claim.  *See* Dkts. 11, 13-14 in Case No. 15-722 RSM.

As noted above, the undersigned has also recommended that Mr. Patu's claims in *Patu v. Bennett,* Case No. 15-775 JCC be dismissed for failure to state a claim and the dismissal counted as a strike under 28 U.S.C. § 1915(g).  That recommendation remains pending at this time.  *See* Dkt. 15 in Case No. 15-775 JCC.

Because Mr. Patu has pursued three or more civil actions or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, he may not proceed with this complaint without prepayment of the full filing fee, absent a showing that

he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g).

The Court has reviewed Mr. Patu's complaint and finds that it is a duplicate of the same claim he previously asserted in *Patu v. Bennett,* Case No. 15-775 JCC which has been found to be without merit.  Mr. Patu makes no allegation that he was under "imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  Having liberally construed the facts presented, the Court finds Mr. Patu is ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee).  *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

**CONCLUSION**

Plaintiff's IFP application (Dkt. 1) should be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g) and Plaintiff should be directed to pay the $400.00 filing fee in order to proceed with his complaint.

A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **Monday, September 14, 2015.**  The Clerk should note the matter for **Wednesday, September 16, 2015**, as ready for the District Judge's consideration if no objection is filed.  If Plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections shall not exceed seven (7) pages.  The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION - 3

The Clerk shall provide a copy of this Report and Recommendation to Plaintiff and to the Honorable Ricardo S. Martinez.

DATED this  25th  day of August, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4